UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
―――――――――――――――――――――――――――

| | |
|---|---|
| JORGE RAMIREZ,<br><br>      Plaintiff,<br>  v.<br><br>UNITED STATES OF AMERICA,<br><br>      Defendant. | 09 Civ. 8543 (LBS)<br>05 Cr. 1276 (LBS)<br><br>**MEMORANDUM<br>& ORDER** |

SAND, J.

  Petitioner Jorge Ramirez brings this *pro se* petition pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence handed down by this Court on November 21, 2006. Petitioner alleges that: (1) his trial counsel was ineffective for failing to object to his designation as a career offender pursuant to United States Sentencing Guidelines ("Guidelines") § 4B1.1; (2) his appellate counsel was ineffective for failing to raise an amendment to the Guidelines that the Sentencing Commission enacted after sentencing; and (3) his plea was neither knowing nor voluntary because it was based on his trial counsel's erroneous advice that he would receive a lower sentence. The Government agrees that Ramirez was erroneously sentenced as a career offender, and that defense counsel's failure to object to that designation constituted ineffective assistance of counsel. However, the Government opposes Petitioner's claim that his plea was neither knowing nor voluntary on the grounds that it is meritless. For the reasons stated below, Petitioner's motion to vacate and correct the sentence is granted. To the extent Petitioner seeks to overturn his conviction, his motion is denied without prejudice to renewal following the appointment of counsel.

 **I. Background**

Petitioner was arrested for heroin possession during a traffic stop in November 2005. He was subsequently charged by indictment with one count of distributing and possessing with the intent to distribute approximately 416 grams of heroin in violation of 21 U.S.C. §§ 812, 841(a)(1), and 841(b)(1)(B), and 18 U.S.C. § 2. Upon consultation with his counsel, Patrick J. Brackley, Esq., petitioner executed a written plea agreement ("Agreement") with the Government on or about May 5, 2006, under which Petitioner agreed to plead guilty to the one-count Indictment. The parties stipulated in the Agreement that Petitioner was a career offender as that term is defined in sections 4B1.1 and 4B1.2 of the Guidelines. Taking into account the career offender designation and a three-level reduction for acceptance of responsibility, the Agreement stipulated to a Guidelines range of 188 to 235 months' imprisonment, which both parties agreed "would constitute a reasonable sentence."[1] Resp. Ex. A at 3. Petitioner's career offender designation was based on two prior New York state convictions: (1) for Criminal Possession of a Controlled Substance in the Fifth Degree; and (2) for Attempted Criminal Possession of a Controlled Substance in the Third Degree. The parties now concur that the career offender designation was improper because Petitioner's prior drug convictions do not qualify as predicates, as they did not necessarily involve an "intent to manufacture, import, export, distribute, or dispense." U.S.S.G. § 4B1.2(b).

On May 5, 2006, Petitioner entered a plea of guilty before Magistrate Judge Kevin N. Fox. Before accepting the plea, Judge Fox conducted an allocution in compliance with Rule 11 of the Federal Rules of Criminal Procedure. Petitioner confirmed that he was satisfied with his counsel's representation; that he and his counsel had discussed how the Guidelines "might

---

[1] The Agreement also provided that Petitioner would waive his right appeal any sentence within or below the Stipulated Sentencing Guidelines Range. Resp. Ex. A at 4. The government does not seek to enforce the waiver provision at this time, but reserves the right to seek enforcement should the Court reimpose a sentence within or below the range stipulated in the agreement, and Petitioner seeks to appeal or collaterally attack that sentence.

2

inform the sentence to be imposed"; that he had reviewed and understood the contents of the Agreement before signing it; that he was pleading guilty voluntarily; and that he had committed the offense set forth in the Indictment.  *See* Resp. Ex. C at 6, 11–14.

The Presentence Report, like the Agreement, calculated that Ramirez had an offense level of 31 and was in Criminal History Category VI, yielding an advisory Guidelines range of 188 to 235 months' imprisonment.  According to the Presentence Report, absent the career offender designation, Petitioner's offense level would have been 25 and his Criminal History Category would have been IV, resulting in a Guidelines range of 84 to 105 months' imprisonment. On November 21, 2006 the Court sentenced Petitioner to 188 months' imprisonment, to be followed by a term of five years' supervised release.

Petitioner filed a Notice of Appeal and was appointed new counsel, Steven Feldman. Feldman moved for permission to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967).  By order entered on November 17, 2008, the Court of Appeals for the Second Circuit granted Feldman's *Anders* motion, dismissed the appeal as to the imprisonment component of the sentence, and summarily affirmed the conviction and the non-imprisonment components of the sentence.

## II. Discussion

### a. Ineffective Assistance of Counsel

Under the two-prong standard established in *Strickland v. Washington*, a defendant claiming ineffective assistance of counsel must (1) demonstrate that his attorney's performance "fell below an objective standard of reasonableness" in light of "prevailing professional norms," and (2) "affirmatively prove prejudice" arising from counsel's deficient representation.  466 U.S. 668, 688, 693 (1984).  To establish prejudice, a defendant "must show that there is a reasonable

probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.  The parties and the Court agree that trial counsel's failure to object to the career offender designation fell below an objective standard of reasonableness, and that the error resulted in prejudice because it significantly increased the applicable sentencing range under the Guidelines.

Petitioner's sentence is thus vacated and the Court shall resentence him using a correct calculation of the applicable Guidelines.  In light of the foregoing, the Court need not reach Petitioner's claim of ineffective assistance of appellate counsel.

### b. Voluntariness of Petitioner's Plea

"The longstanding test for determining the validity of a guilty plea is 'whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'"  *Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (quoting *North Carolina v. Alford*, 400 U.S. 25, 31 (1970)).  The two-part *Strickland* standard applies to challenges to guilty pleas based on ineffective assistance of counsel.  *Id.* at 58.  "[I]n order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id*. at 59.

Petitioner contends that his plea was neither knowing nor voluntary because his trial counsel did not inform him that he could be sentenced as a career offender and erroneously led him to believe that he would receive a much lower sentence than he ultimately did.  Petitioner alleges that, but for counsel's erroneous advice, he would not have entered a guilty plea, and would have proceeded to trial.  This claim is unsupported by the record, given that the Agreement—indisputably signed and understood by Petitioner—stipulated to career offender status and identified the heightened range within which Petitioner was sentenced.  While trial

4

counsel's failure to seek the appropriate sentencing range for Petitioner was unreasonable under the circumstances, this failure is remedied by resentencing Petitioner under the appropriate guidelines, not by re-instigating the plea process. Given Petitioner's willingness to plead guilty under the elevated Guidelines range, it is implausible that he would have proceeded to trial if he were correctly informed of his eligibility for a lower sentence. Petitioner's motion to overturn his conviction is denied without prejudice to renewal following the appointment of counsel.

### III. Conclusion

For the reasons set forth above, Petitioner's motion to vacate, set aside, or correct his sentence pursuant to section 2255 is granted to the extent Petitioner seeks resentencing. Petitioner's motion to overturn his conviction is denied without prejudice to renewal following the appointment of counsel. With respect to the latter, a certificate of appealability will not issue because Petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2).

The Government is directed to contact the Court to schedule a date for resentencing. The CJA Office of this district is directed to appoint counsel to represent Petitioner on resentencing.

SO ORDERED.

Dated: February 10, 2011
New York, NY

_____
Leonard B. Sand
U.S.D.J.

5